2009 BNH 011
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                          Bk. No. 07-12169-MWV
                                                                                                Chapter 7
Sean C. Mindes,
            Debtor

Anna Rizzo and
David Rizzo,
            Plaintiffs

v.                                                                                              Adv. No. 07-1229-MWV

Sean C. Mindes,
            Defendant

*Alfred Paul Farese, Jr., Esq.*
LAW OFFICE OF ALFRED PAUL FARESE, JR.
*Attorney for Anna Rizzo and*
*David Rizzo*

*Grenville Clark, III, Esq.*
GRAY, WENDELL & CLARK, P.C.
*Attorney for Sean C. Mindes*

### MEMORANDUM OPINION

Anna and David Rizzo (the "Plaintiffs") brought a complaint pursuant to 11 U.S.C. § 523(a)(2)(A) of the Bankruptcy Code,[1] in which they objected to the dischargeability of an alleged obligation of Sean C. Mindes (the "Defendant") to them, relating to a remodeling and construction contract (the "project" or the "contract") that the Defendant agreed to perform at the Plaintiffs' property. Beginning August 14, 2008, the Court held a trial. In rendering this opinion, the Court determines the dischargeability of the claim, and not the Defendant's liability or the damages of such claim. For the

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

reasons discussed below, the Plaintiffs' complaint is denied and any obligation the Defendant may have to the Plaintiffs is discharged.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

In March 2004, the Plaintiffs contracted with the Defendant for the remodeling and construction of the Plaintiffs' property located at 3 Dewitt Road, Stoneham, Massachusetts that was to begin on August 1, 2004 with an estimated completion date within three months. (See Woburn District Court Compl., Pls.' Ex. 2.) The Plaintiffs paid the Defendant a down payment, along with additional monies representing work done and work to be done on the project. The Defendant applied for a building permit in June 2004 which was not issued until October 2004. However, prior to the building permit, the Defendant received permission to begin demolition, excavation, and pour the foundation. The project was further delayed when the Defendant became ill and required hospitalization. By October 2004, the parties became frustrated over the delays in the pace of the project. Over the course of the following two months, the parties had several arguments including possible termination of the contract. Ultimately, the parties came to an agreement in December 2004 that the Defendant would finish installing the frame and roof on the project after which the Plaintiffs would hire another contractor to complete the work.

On March 20, 2005, the Plaintiffs filed a lawsuit against the Defendant in the Woburn District Court Civil Action No. 05CV0246 alleging breach of contract, unjust enrichment, negligence, fraud, and violation of the Consumer Protection Act, Mass. Gen. Laws ch. 93A.  (See Woburn District Court Compl., Pls.' Ex. 2.)  The underlying factual allegations were that the Defendant delayed the project and failed to complete the job for which he collected monies.  The Plaintiffs also alleged that the Defendant entered into the contract with fraudulent intent and knew he would not perform the contract.  The Woburn District Court awarded the Plaintiffs a default judgment upon the Defendant's failure to defend himself.  The Woburn District Court found the actual damages to be $29,243.40, which it doubled pursuant to Mass. Gen. Laws ch. 93A, for the Defendant's willful and knowing violation of that statute, and awarded prejudgment interest and other costs for a total judgment of $208,409.30.  (Pls.' Ex. 1.)

The Plaintiffs also instituted proceedings before the Massachusetts Board of Building Regulations and Standards (the "Board") in which they repeated the allegations made in the Woburn District Court.  Both parties appeared at the hearing where the Board found that: the Defendant did not abandon the contract, there was insufficient evidence to prove that the Defendant failed to credit the Plaintiffs for payments under the contract, and the Defendant failed to include his registration number and the start and completion dates for the project.  (See Board Decision, Def.'s Ex. 107.)  The Defendant filed a voluntary Chapter 7 petition on October 1, 2007, and scheduled the Plaintiffs as holding a $215,000 unsecured claim.  The Plaintiffs now object to the dischargeability of that claim pursuant to § 523(a)(2)(A).

## DISCUSSION

Section 523(a)(2)(A) of the Bankruptcy Code provides:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
. . .

> (2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. § 523(a)(2)(A).

### I. Collateral Estoppel

Collateral estoppel is applicable to exception to discharge proceedings, Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991), if the movant establishes the following: "1) the issue sought to be precluded must be the same as that involved in a prior action; 2) the issue must have been actually litigated; 3) the determination of the issue must have been essential to the final judgment; and 4) the party against whom estoppel was invoked must be fully represented in the prior action." Weaver v. Weston (In re Weston), 307 B.R. 340, 343 (Bankr. D.N.H. 2004). The Plaintiffs argue that the Woburn District Court made findings that the Defendant committed fraud in connection with the contract. (Compl. ¶ 19.) In addition, the Plaintiffs asserts that the Woburn District Court could not have awarded double damages without a finding of fraud. As a result, the Plaintiffs contend the elements of § 523(a)(2)(A) have already been established, and the Woburn District Court's judgment has preclusive effect in this Court pursuant to the doctrine of collateral estoppel.

This Court has previously addressed the "strong presumption" against according collateral estoppel preclusive effect to default judgments especially in judgments based solely on Mass. Gen. Laws ch. 93A. See Rivers Edge Condo. Homeowners Ass'n v. Cohen (In re Cohen), 370 B.R. 26, 29-31 (Bankr. D.N.H. 2007). The facts in the present case are almost identical to that in Cohen. No evidence has been presented either in the pleadings or at trial of an improper motive on the part of the Defendant for not litigating in the Woburn District Court. In addition, the Woburn District Court made no specific findings of fraud in its default judgment, (Pls.' Ex. 1), nor is the award of double damages necessarily predicated on a finding of false pretenses, false representation, or fraud. See In re Cohen, 370 B.R. at 30

("The . . . court trebled the damages pursuant to Mass. Gen. Laws ch. 93A . . . . The statute does not require a court to find false pretenses, false representation, or fraud before it can treble damages.) Furthermore, "chapter 93A violations and fraud are not synonymous," Stoehr v. Mohamed, 244 F.3d 206, 209 (1st Cir. 2001), and "the minimum misconduct required to make out a Chapter 93A claim falls short of that needed to support a § 17(a)(2)[2] nondischargeability determination." Commonwealth of Massachusetts v. Hale, 618 F.2d 143, 146 (1st Cir. 1980). As such, the presumption applies and the merits of the Plaintiffs' case against the Defendant were not "actually litigated" in the Woburn District Court. Accordingly, the Woburn District Court's judgment has no preclusive effect.

The Defendant argues that the Massachusetts Board of Building Regulations and Standards found the Defendant not guilty of any fraud. The Board's record lacks support for such a conclusion in that it makes no specific mention of the presence or absence of fraud in the claim against the Defendant. (Board Decision, Def.'s Ex. 107.) Consequently, the findings of the Board have no preclusive effect.

**II.     Section 523(a)(2)(A)**

Exceptions to discharge are narrowly construed in furtherance of the Bankruptcy Code's "fresh start" policy and in favor of the debtor. See Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997). The claimant must show that his "claim comes squarely within an exception enumerated in . . . § 523(a)." Id. However, Congress included certain sections in the Bankruptcy Code, like § 523(a)(2)(A), "to make certain that bankruptcy protection is not afforded to debtors who have obtained [money] by means of a fraudulent misrepresentation." Id. at 786. The standard of proof for each element of a dischargeability exception is by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 285 (1991). "The burden of proof and the burden of production as to each element rests with the party contesting the dischargeability of a particular debt under Bankruptcy Code § 523." Palmacci, 121 F.3d at 787. To

---

[2]§ 17(a)(2) of the Bankruptcy Act of 1898 is the predecessor of § 523(a)(2)(A) of the present Bankruptcy Code.

establish that a debt is non-dischargeable under § 523(a)(2)(A), the objecting creditor must prove the following elements:

 1. The debtor made a knowingly false representation;

 2. The debtor did so with fraudulent intent, i.e., with "scienter;"

 3. The debtor intended to induce the creditor to rely on the misrepresentation;

 4. The misrepresentation induced reliance;

 5. Reliance was justifiable; and

 6. Reliance on the misrepresentation caused damage (pecuniary loss).

See McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001); Palmacci, 121 F.3d at 786; and Reilly v. Beeman (In re Beeman), 225 B.R. 522, 528 (Bankr. D.N.H. 1998).

 The Plaintiffs claim that the Defendant knowingly made a false representation by entering into a contract and receiving monies for construction and remodeling that the Defendant was not going to complete, and the defendant fraudulently obtained the Plaintiffs' money on a contract the Defendant subsequently breached. (Compl. ¶ 19 and ¶ 20). In § 523(a)(2)(A) cases, the Court must first inquire as to the Defendant's intent at the time the representation was made.

> The test may be stated as follows. If, at the time he made his promise, the debtor did not *intend to perform*, then he has made a false representation (false as to his intent) and the debt that arose as a result thereof is not dischargeable (if the other elements of 523(a)(2)(A) are met). If he did so intend at the time he made his promise, but subsequently decided that he could not or would not so perform, then his initial representation was not false when made. See e.g., In re Anastas, 94 F.3d at 1285; Milwaukee Auction Galleries Ltd. v. Chalk, 13 F.3d 1107, 1109 (7th Cir. 1994) (more than mere nonperformance of a contract was necessary to establish misrepresentation); Mellon Bank Corp. v. First Union Real Estate, 951 F.2d 1399, 1410-11 (3d. Cir. 1991) (same); Craft v. Metromedia, 766 F.2d 1205, 1219, 1221 (8th Cir. 1985).

Palmacci, 121 F.3d at 787. With respect to scienter, this element is satisfied if it is proven that the representation has been made in a reckless manner even if the Defenant believes it to be true. Id. The Plaintiffs must show an actual intent to mislead; mere fraud implied by law is not enough. Id. at 788.

The focus is whether in good faith the Defendant intended to keep his promise. Id. An honest belief that the "representation is true and that the speaker has information to justify it is an insufficient basis for deceit." Id. However, the unreasonableness of the belief may be probative of the Defendant's intent to deceive if the totality of circumstances provides such an inference. See id. at 789. "Among the circumstances from which scienter may be inferred are:[. . .] his repudiation of the promise soon after made, or his failure even to attempt any performance." Id; Williamson v. Busconi, 87 F.3d 602, 603 (1st Cir. 1996).

At trial, Mrs. Rizzo's testimony indicated that at the time the Defendant accepted money from the Plaintiffs, the Defendant did intend to perform the work. It was only after "the job got deeper" that the Defendant realized that he may have "underestimated himself." (Test. of Anna Rizzo.) Further looking at the totality of the circumstances concerning the representation, including subsequent behavior, the Court finds no evidence that the representation was made with the intent not to perform. See Palmacci, 121 F.3d at 787 (If at the time of making the statement the debtor did actually intend to perform the future action but later changes his mind, or intervening events cause him to act otherwise, then there is no false representation.) Prior to signing the contract, the Defendant created designs and plans which he showed to the Plaintiffs. (Test. of Sean Mindes; Test. of Anna Rizzo.) The parties agreed that work would commence on August 1, 2004. (Ex. 1 to Compl.) The Defendant explained to the Plaintiffs that obtaining building permits may take an extended period of time. (See Letter to Mass. Bd. of Bldg. Regs. and Stds., Def.'s Ex. 107 stating that a previous permit was not issued until forty-five days after the application.) However, in knowing the likelihood of a delay, the Defendant applied for the necessary building permit two months prior to the start date in June 2004. See id. That the actual building permit would not be issued until October 2004 could not have been predicted by anyone. (See October 14, 2004 Emails, Pls.' Ex. 7 where Anna Rizzo states that the town administrator and others were unaware of the reasons for the extended delay.)

While awaiting the issuance of the building permit, the Defendant was able to receive permits for and did complete the following: excavation, demolition, and pouring of foundation. The parties testified that, although they had had several arguments, they were able to reach an agreement whereby the Defendant would complete the framing and roof on the project, and the Plaintiffs would then hire another contractor to complete the project. (Test. of Sean Mindes; Test. of Anna Rizzo; See also Email exchanges, Pls.' Ex. 7.) The preceding evidence shows that the Defendant originally intended to carry out his stated intentions, but subsequent intervening events prevented that from happening. The Court cannot find that the Plaintiffs met their burden of proof that a false representation was made, and that it was made with the intent not to perform or in reckless disregard of the truth. Accordingly, the Plaintiffs' claim is rejected rendering findings concerning the other elements unnecessary. Palmacci, 121 F.3d at 787-88.

## CONCLUSION

Since the Plaintiffs failed to satisfy their burden under § 523(a)(2)(A), their complaint is denied. Any obligation that the Defendant may have to the Plaintiffs is discharged. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 2nd day of April, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge